UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LENA V. AWAN and MUHAMMAD S. AWAN,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID DOUGLAS, District Director, District 32, U.S. Citizenship and Immigration Services; KIN MA, Field Office Director, Salt Lake City Field Office, U.S. Citizenship and Immigration Services; UR JADDOU, Director, U.S. Citizenship and Immigration Services; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; and BOARD OF IMMIGRATION APPEALS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT CERTIFIED ADMINISTRATIVE RECORD (DOC. NO. 33)**<br><br>Case No. 2:21-cv-00163<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Lena V. Awan and Muhammad S. Awan ("the Awans") brought this action against the Board of Immigration Appeals ("the Board") and various government officials (collectively, "the Agency Defendants"), seeking judicial review of the denial of a visa petition filed by Ms. Awan on behalf of her husband, Mr. Awan. (*See* Compl., Doc. No. 2.) The Awans now move to supplement the certified administrative record filed by the Agency Defendants. (Pls.' Mot. to Suppl. Certified Admin. R. ("Mot."), Doc. No. 33.) Specifically, the Awans seek to add to the record a notice of intervening decision and a copy of a court decision, which they allege they mailed to the Board while their case was pending. (*Id.* at 2.) The Agency Defendants oppose the motion, arguing there is no evidence these documents were received or

considered by the Board. (Resp. to Mot. to Suppl. R. ("Opp'n") 2, Doc. No. 35.)

As an initial matter, the Awans acknowledge they failed to raise an objection to the certified administrative record with the Agency Defendants within fourteen days after the record was filed, as required under the scheduling order. (*See* Mot. 4–5, Doc. No. 33; Scheduling Order 3, Doc. No. 32.) Nevertheless, the Awans filed their motion to supplement the record within the time set for filing objections with the court. (*See* Scheduling Order 3, Doc. No. 32.) And the Agency Defendants do not oppose the motion on grounds of untimeliness. Therefore, the court addresses the Awans' motion on the merits. However, for the reasons explained below, the motion is denied.

## LEGAL STANDARDS

"The complete administrative record consists of all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). An agency's designation of the administrative record "is entitled to a presumption of administrative regularity." *Id.* at 740; *see also Friends of Animals v. U.S. Fish & Wildlife Serv.*, No. 4:18-cv-00053, 2020 U.S. Dist. LEXIS 241903, at *6 (D. Utah Dec. 22, 2020) (unpublished). "The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Bar MK Ranches*, 994 F.2d at 740. Where a party alleges the record designated by the agency is incomplete, the party "must clearly set forth in their motion: (1) when the documents were presented to the agency; (2) to whom; (3) and under what context," and "must also establish that these documents were directly or indirectly considered by the relevant agency decision makers." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010).

"[T]he circumstances which warrant consideration of extra-record materials are extremely limited." *Custer Cnty. Action Ass'n v. Garvey*, 256 F.3d 1024, 1027 n.1 (10th Cir. 2001) (internal quotation marks omitted). The Tenth Circuit has outlined five justifications for supplementing the administrative record with extra-record materials:

> (1) the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials; (2) the record is deficient because the agency ignored relevant factors it should have considered in making its decision; (3) the agency considered factors that were left out of the formal record; (4) the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues; and (5) evidence coming into existence after the agency acted demonstrates the actions were right or wrong[.]

*Id.* (citing *American Min. Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985)). The party moving to supplement the record bears the burden of showing the documents fall within one of these limited exceptions. *Friends of Animals*, 2020 U.S. Dist. LEXIS 241903, at *7 (citing *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010)).

ANALYSIS

The Awans seek to supplement the administrative record with a notice of intervening decision and a copy of the decision in *Pitman v. United States Citizenship and Immigration Services*, 485 F. Supp. 3d 1349 (D. Utah 2020), which they assert their counsel mailed to the Board on October 28 or 29, 2020. (Mot. 6–7, Doc. No. 33.) They provide the following evidence in support of their motion:

- An unsigned notice of intervening decision dated October 28, 2020, an unsigned certificate of service also dated October 28, 2020, and a copy of the *Pitman* decision labeled as "Addendum I" to the notice. (Ex. B to Mot., Doc. No. 33-1 at 4–19.)

- An October 29, 2020 email from the Awans' attorney, Mr. Ishola, to another attorney in his office, Ms. Lonazco, asking her to sign, print, and send the notice and addendum to the Board and to the Department of Homeland Security ("DHS") via regular mail to the addresses on the notice and certificate of service. (Ex. A to Mot., Doc. No. 33-1 at 1–2.)
- A declaration from Mr. Ishola stating he emailed his office on October 29, 2020, with a copy of the notice and asked that it be mailed to the Board and DHS. (Ex. C to Mot., Decl. of Hakeem Ishola ¶ 6, Doc. No. 33-1 at 20–23.)
- A declaration from Ms. Lonazco, stating she mailed the notice to the Board and DHS on October 29, 2020. (Ex. D to Mot., Decl. of Ysabel Lonazco ¶¶ 5–6, Doc. No. 33-1 at 24–26.)
- A declaration from another attorney stating Mr. Ishola told the attorney on October 28, 2020 that he would be filing a notice regarding the *Pitman* decision with the Board. (Ex. E to Mot., Decl. of Linh Tran-Layton, Doc. No. 33-1 at 27–28.)

In opposition, the Agency Defendants contend there is no evidence the Board received or considered the notice or the copy of the *Pitman* decision. (Opp'n 2–3, Doc. No. 35.) The Agency Defendants assert they have been unable to locate the notice or the copy of the *Pitman* decision in the records which were pending before the Board while it was making its decision on the Awans' case. (*Id.* at 2.) The Agency Defendants filed declarations from employees describing their search for these documents and the general record-keeping procedures of the Board and DHS. (*See* Decl. of Donna M. Carr, Doc. No. 35-1; Decl. of Michael P. Shinney, Doc. No. 35-2; Decl. of Cortney v. Price, Doc. No. 35-3.)

4

In reply, the Awans argue United States Citizenship and Immigration Services is notorious for losing filings mailed to it, and they attach a declaration and emails showing a filing in an unrelated case was lost after delivery to the agency was confirmed.  (Pls.' Reply to Defs.' Opp'n to Mot. to Suppl. Certified Admin. R. ("Reply") 3–4, Doc. No. 36; Exs. F & G to Reply, Doc. No. 36 at 7–13.)  The Awans contend the court should presume the Board received the documents based on proof of mailing, citing *Moya v. Department of Veteran's Affairs*, 35 F.3d 501 (10th Cir. 1994).  (*See* Reply 4, Doc. No. 36.)

The Awans have not presented clear evidence the record designated by the Agency Defendants is incomplete.  The Awans must establish the documents at issue "were directly or indirectly considered by the relevant agency decision makers."  *Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1275 (citing *Bar MK Ranches*, 994 F.2d at 739).  Although the Awans have presented some evidence the documents at issue were mailed to the Board, this is insufficient to establish they were part of the record the Board considered.  If the agency lost the documents, as the Awans speculate, it would mean the documents never made it into the file considered by the Board.  The Awans have failed to present clear evidence to overcome the presumption that the record designated by the agency is complete.

The *Moya* decision cited by the Awans does not dictate a different result.  In *Moya*, the Tenth Circuit considered whether a party adequately demonstrated the agency *received* a document mailed to it, as required to show the document was timely presented under the Federal Tort Claims Act.  35 F.3d at 504.  The court noted generally that "the law presumes delivery of a properly addressed piece of mail," but held this presumption was inapplicable where the party sent the document by certified mail and did not receive a return receipt.  *Id.*  But *Moya* did not

address the applicable standard here—namely, whether the document was "directly or indirectly considered by the agency." *Bar MK Ranches*, 994 F.2d at 739. As explained above, the Awans' evidence of mailing is insufficient to demonstrate the documents at issue were considered by the Board, even indirectly.

The Awans have also failed to establish any of the five justifications recognized by the Tenth Circuit for supplementing the administrative record with extra-record material. Indeed, the Awans did not address this standard in their briefing or argue any of the justifications apply here. Based on the evidence and arguments presented, the court concludes none of these justifications apply.

For these reasons, the court DENIES the Awans' motion to supplement the certified administrative record, (Doc. No. 33).

DATED this 24th day of January, 2022.

> BY THE COURT:
>
> _Daphne A. Oberg_
> Daphne A. Oberg
> United States Magistrate Judge